### LESSTER v. COLUMBIA STORAGE WAREHOUSES.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. REPLEVIN (§ 72*)—EVIDENCE—SUFFICIENCY.

Evidence in replevin against a storage company for furniture, the defense being that plaintiff's divorced wife was the owner, *held* not to warrant a finding that a bill of sale of the furniture executed by the wife to plaintiff had been obtained surreptitiously.

[Ed. Note.—For other cases, see Replevin, Dec. Dig. § 72.*]

2. EVIDENCE (§ 391*)—PAROL EVIDENCE AFFECTING WRITINGS—BILL OF SALE—MERGER.

Where a wife on divorce from her husband executed a bill of sale to him of furniture, it was error to receive evidence as to conversations regarding the disposition of the furniture occurring prior to the bill of sale before any attack upon its validity.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1729–1732; Dec. Dig. § 391.*]

3. APPEAL AND ERROR (§ 1062*)—PREJUDICIAL ERROR.

Notwithstanding there is evidence warranting a finding which would support the verdict rendered, if placed upon that ground, the judgment thereon cannot for that reason be sustained, where another issue was erroneously submitted to the jury; for, had the latter issue not been submitted, it cannot be said that the verdict would not have been different.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Replevin by William C. Lesster against the Columbia Storage Warehouses. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John P. Elder, for appellant.
Charles Goldzier, for respondent.

McLAUGHLIN, J. This is an action of replevin to recover certain household furniture and effects stored in a warehouse of the defendant. The complaint alleges two causes of action, the first for goods delivered to the defendant in July, 1902, and the second for goods delivered August 15, 1904, set forth in schedules A and B, annexed to the complaint. The answer alleges that the goods in question were stored with the defendant by one Josephine E. Lesster, and on information and belief that she is the owner and entitled to the possession of the same. The trial of the action resulted in a verdict in favor of the defendant, and, from the judgment entered thereon and an order denying a motion for a new trial, the plaintiff appeals.

It is not disputed that the goods in question were taken from the residence of the plaintiff on Fifty-Second street, New York City, and stored with the defendant by Josephine E. Lesster, a former wife of the plaintiff. It appeared that in 1902 she and the plaintiff had some discussion concerning a divorce, with the result that she some time thereafter went to Indiana for the purpose of securing a divorce from the courts of that state, which she finally did in June, 1904. During the progress of the action and for some time after the divorce was obtained, she continued to live in the Fifty-Second street house with the plaintiff, though, according to her testimony, not as husband and wife. In the decree of divorce no provision was made for alimony, and on the 29th of July, 1904, they entered into an agreement of settlement, in accordance with which the plaintiff conveyed to her certain parcels of land in the state of Indiana, and assigned to her claims amounting to $879 for land sold in that state, gave her a mortgage of $10,000 on the Fifty-Second street house, and paid her $3,094.63 in cash, in consideration of which she released him from all claims, including dower and alimony, and at the same time she executed a bill of sale to him of all the personal property in the Fifty-Second street house, "except the piano, a screen and a lady's writing desk," for a nominal consideration of $10. On August 4, 1904, she removed the piano and certain other goods from the house, and stored them with the defendant, some of which are apparently included in the present action. These goods and those which she had previously stored were, according to her testimony, given to her by the plaintiff, and were removed with his consent. So far as the action relates to them, the evidence is quite satisfactory and sufficient to support the verdict of the jury, but as to the goods stored on August 15, 1904, the situation is different.

It is not disputed that these goods were removed during the absence of the plaintiff, and that, when he returned and found them gone, he told Mrs. Lesster she had no right to take them, and threatened her with arrest.  He also immediately thereafter asserted his ownership of them to the defendant in whose possession he found them.  Mrs. Lesster testified that, when she executed the bill of sale on the 29th of July, she also signed 18 other instruments; that she did not read any of them, and did not know she was signing a bill of sale of the furniture and effects in the Fifty-Second street house, but supposed, as she had been previously told by the plaintiff, that she was signing only releases of her dower right; that the plaintiff had told her she could have one-half of the furniture in the house or whatever she wanted.  On the other hand, Mr. Clinch, in whose office the papers were executed, and at whose direction they were drawn, testified that she read both the agreement of settlement and the bill of sale; that, when she had read the latter instrument, she said some of the property in the house belonged to her; that he thereupon told her such property must be specified, and at her direction he inserted in the bill of sale, before execution, the words "except the piano, a screen and a lady's writing desk."  The testimony of Mr. Clinch was not contradicted.  Although Mrs. Lesster was subsequently recalled as a witness, she made no attempt to contradict his testimony.  It further appeared that in 1902, when plaintiff had conveyed most of his real estate to a corporation, she had signed the deeds in the same lawyer's office, and also at that time executed a power of attorney to release her dower right in other real estate.  And upon her direct examination she testified that, when she told the plaintiff she had obtained her divorce, "he said the papers would be ready very soon and I was to go down to the lawyer's office and sign them, as to the furniture and the release of dower."

The bill of sale was under seal and acknowledged, and it could not be destroyed by such vague and unsatisfactory evidence as that offered by the defendant, and the jury should have been so instructed.  The trial judge, however, left it to the jury to decide whether it was a bill of sale or not, and charged that, if they found Mrs. Lesster's signature to it had been obtained "surreptitiously," they might disregard it.  This charge was not justified by the evidence, which falls far short of showing any fraud or misrepresentation which would warrant a finding that the instrument was invalid or that Mrs. Lesster's signature to it had been obtained "surreptitiously."  On the contrary, the great weight of evidence is that Mrs. Lesster executed the bill of sale with full knowledge of its contents.  She also was permitted to testify, against plaintiff's objection, as to conversations regarding the disposition of the furniture which occurred prior to July 29, 1904, the day the bill of sale was executed, before any attempt even had been made to attack its validity.  This was also error.

It is true she testified that, after the execution of the bill of sale, the plaintiff told her she might take what furniture she wished out of the house; that he said this on different occasions, and that she did on the 4th of August take part of the goods in question with

his consent; that on the 11th of August he told her he was going away and would not be back until about the 15th of August; and that she could take what she wanted of the furniture, but he wanted her to take it and be out of the house when he got back. Granting, therefore, the validity of the bill of sale, there is sufficient evidence to sustain a finding that the property which Mrs. Lesster did take had been given to her by the plaintiff, and, if this question alone had been submitted to the jury, we would have no hesitation in affirming the judgment, but the judgment cannot now be sustained upon this ground, for the jury was allowed to pass upon the validity of the bill of sale, and, if this question had been withdrawn from their consideration, we are unable to say that their verdict might not have been different.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.